Filed 1/25/23  P. v. Donaldson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C094861 |
| v. | (Super. Ct. No. 20CR15496) |
| JASON GARY DONALDSON, | |
| Defendant and Appellant. | |

A jury convicted defendant Jason Gary Donaldson of forcible oral copulation, making criminal threats, and inflicting corporal injury upon a cohabitant.  With respect to the latter offense, defendant admitted having a previous conviction for the same offense within seven years.  Defendant further admitted having a previous conviction for making criminal threats, a strike offense within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12)[1] and also a serious felony within the meaning of section 667, subdivision (a).  The trial court sentenced defendant to serve an aggregate determinate term of 25 years in state prison and, in two other cases (20CR15059 and 20CR15026), resentenced defendant to consecutive determinate terms of one year and

---

[1]  Undesignated statutory references are to the Penal Code.

1

eight months, respectively. The abstract of judgment identifies the total time as 26 years eight months.

Defendant now contends (1) Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567) applies retroactively to his case and requires remand for resentencing, and (2) the sentencing minute order and abstract of judgment must be corrected to award the correct amount of custody credit. The Attorney General agrees with the first contention and argues we need not address the second because remand for resentencing is required. We agree with the Attorney General. We will vacate the sentence and remand the matter for resentencing consistent with current law.

BACKGROUND

In August 2020, defendant and A. lived together in a tent outside Orland in Glenn County. On the 18th of that month, they stayed the night at defendant's mother's house. That night, during an argument, defendant straddled A., placed both hands around her neck, and strangled her while threatening to kill her. A. believed the threat was serious and was afraid for her life. A. briefly lost consciousness, but managed to push or kick defendant off of her, which prompted defendant to headbutt her, causing a black eye. The next day, defendant forced A. to orally copulate him against her will, then punched her in the back of the head, causing a laceration. Later in the day, defendant kicked her in the face, causing a cut on her nose.

A. left defendant's mother's house and reported the circumstances to a sheriff's deputy. The deputy took photos of A.'s injuries.

The jury convicted defendant of forcible oral copulation, making criminal threats, and inflicting corporal injury upon a cohabitant. Defendant admitted having a prior domestic violence conviction within the previous seven years as well as a prior strike conviction.

At the sentencing hearing, the trial court imposed the upper term sentence for the forcible oral copulation. The trial court based the upper term on findings that the crime

2

involved great violence, bodily harm, and threats of bodily harm, demonstrating a high degree of cruelty, viciousness and callousness; that defendant's conduct appeared to be getting more violent and serious and he was a danger to society; his prior convictions were numerous and of increasing seriousness; defendant served a prior prison term; and he was on probation when the crime was committed and his performance was unsatisfactory.  The trial court found in mitigation that defendant had successfully completed drug court and it appeared he was struggling with substance abuse, but concluded the aggravating circumstances outweighed the mitigating circumstances.

## DISCUSSION

Defendant and the Attorney General agree that Senate Bill 567 applies retroactively to this case and requires remand for resentencing.  We agree with the parties.

Senate Bill 567, which became effective January 1, 2022, about four months after defendant was sentenced in this case, changed the requirements for using aggravating circumstances and altered sentencing discretion under section 1170.  (Stats. 2021, ch. 731.)  Among other things, Senate Bill 567 amended section 1170 to prohibit upper-term sentencing unless factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or established by a certified record of conviction. (§ 1170, subd. (b)(2), (3).)  Senate Bill 567 also created a presumption in favor of the low prison term if defendant's youth or psychological, physical, or childhood trauma contributed to the commission of the offense.  (§§ 1170, subd. (b)(6)(A) & (B), 1016.7, subd. (b).)

The amended version of section 1170, subdivision (b) applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)  And many, if not all, of the findings upon which the trial court relied in imposing the upper term were determined in a manner inconsistent with current law.  Because it is not clear on this record what

3

sentencing choices the trial court might have made with the benefit of current law, we will vacate the sentence and remand for resentencing.

Defendant further argues the sentencing minute order and abstract of judgment must be corrected to award the correct amount of custody credit. In addition, although not referenced in a separate heading, it appears defendant may also have asserted changes to section 1170 made by Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695), which became effective January 1, 2022. Because we have determined that the matter must be remanded for resentencing, we need not address those arguments. Defendant may assert arguments consistent with current law on remand.

## DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for resentencing consistent with current law. The judgment is otherwise affirmed. Following resentencing, the trial court shall deliver an amended and/or corrected abstract of judgment, as appropriate, to the Department of Corrections and Rehabilitation.


＿＿＿＿＿/S/＿＿＿＿＿＿＿
MAURO, J.


We concur:


＿＿＿＿＿/S/＿＿＿＿＿＿
ROBIE, Acting P. J.


＿＿＿＿＿/S/＿＿＿＿＿＿
HULL, J.

4